STATE OF NORTH CAROLINA v. JOE LEE SMITH, ALIAS JOE LEE MOREHEAD

No. 6919SC229

(Filed 18 June 1969)

1. **Criminal Law § 75— applicability of Miranda to retrials — confession obtained prior to June 13, 1966**

   *Miranda v. Arizona*, 384 U.S. 436, does not apply to confessions obtained prior to the date of that decision, June 13, 1966, when offered at trials or retrials beginning thereafter, where law enforcement officers relied upon and complied with constitutional standards applicable at the time the confessions were made.

2. **Criminal Law § 75— admissibility of confessions — pre-Miranda standards**

   Prior to *Miranda v. Arizona* the admissibility of a defendant's confession rested upon the determination that the confession was, in fact, freely, voluntarily and understandingly given.

APPEAL by defendant from *Crissman, J.,* October 1968 Session, CABARRUS County Superior Court.

The defendant was charged in a proper three-count bill of indictment with (1) the felony of breaking and entering on 26 June 1965 of a building occupied by Holding Brothers, Inc.; (2) the felony of larceny of $1,820.94 on 26 June 1965, the property of Holding Brothers, Inc.; and (3) the offense of receiving stolen property, namely $1,820.94 belonging to Holding Brothers, Inc., knowing same to have been stolen.

When the case was called for trial, the Solicitor, on behalf of the State, announced that the third count would be dismissed. The case went to trial on the first and second counts, one for breaking and entering and the other for larceny.

The defendant entered a plea of not guilty. The jury returned a verdict of guilty on both counts, and the defendant was sentenced on the count of breaking and entering to a term of not less than eight nor more than ten years, and on the count of larceny, of not less than four nor more than five years, to commence at the expiration of the other sentence. The judgment further provided that the defendant was to be given credit for all time he had previously served on a prior sentence in this case. The record indicates that the defendant had been tried previously, and pursuant to a post-conviction hearing had been given a new trial. This was the new trial.

From the sentence imposed, the defendant appealed to the North Carolina Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney Sidney S. Eagles, Jr., for the State.*

*James C. Davis and Clarence E. Horton, Jr., for defendant appellant.*

CAMPBELL, J.

The record and the brief in this case present only one question for determination. Did the trial court commit error in allowing defendant's confession to be admitted into evidence?

The evidence on behalf of the State tends to show that on or about 26 June 1965 Holding Brothers, Inc., occupied a concrete, cement-block building in Concord, North Carolina. A window to the building was broken out, and from a desk drawer a bank money bag containing $1,820.94 was taken. The robbery was discovered on Mon-

day morning, 28 June 1965, and about 11:00 o'clock that morning, two police officers went to the Massey home. The defendant was at that home, and he was observed putting something in a dresser drawer as the officers entered. The officers found $256 in the drawer where they had observed the defendant place something; and also in the room, they found two watches, a pair of new shoes and some other new clothing. The defendant was placed under arrest and taken to the police station. On arrival at the police station the defendant stated that he knew his rights and wished to telephone his attorney, Mr. Llewellyn of the Concord Bar. The officers told him that he had a right to telephone him, but after having been given permission to do so and though the telephone was right in front of the defendant, the defendant did not telephone Mr. Llewellyn. When the defendant stated that he desired to telephone his attorney, the officers discontinued any questioning of the defendant, and proceeded with the issuance of a warrant. While the warrant was being prepared, a brother of the defendant, together with a woman who said that she was the girl friend of the defendant, came into the police station carrying a bag containing $940.00. The woman stated that the defendant had left this money with her to keep. At this time, the defendant stated that he wished to make a statement, and he thereupon proceeded to make a full disclosure as to how he had broken into the building, taken the money, and what he had done with part of it.

Before the statement made by the defendant was introduced in evidence, the Court conducted a hearing in the absence of the jury pertaining to the circumstances under which the statement was made. After conducting this *voir dire* examination the record shows that the trial judge entered the following order:

"LET THE RECORD SHOW THAT THE COURT OVERRULED THE MOTION, AND THAT THE COURT FINDS FROM THE STATEMENT OF THE OFFICERS, FINDS AS A FACT, THAT THE DEFENDANT HIMSELF TOLD THE OFFICERS THAT HE KNEW HIS RIGHTS, AND THEN FOLLOWED THAT BY SAYING HE WANTED TO CALL AN ATTORNEY; AND HE WAS GIVEN AN OPPORTUNITY TO CALL AN ATTORNEY, DIDN'T DO SO, AND THAT NO FURTHER QUESTIONS WERE ASKED BY THE OFFICER; THAT THE NEXT STATEMENT THAT WAS MADE WAS BY THE DEFENDANT WHO VOLUNTARILY STATED THAT HE WANTED TO TALK ABOUT THIS BREAKING AND ENTERING, AND BEGAN TO TELL HOW HE DID IT; AND THAT THE COURT CONSIDERS THIS A VOLUNTARY STATEMENT ON THE PART OF THE DEFENDANT; AND WILL ALLOW THE OFFICERS TO TESTIFY BEFORE THIS JURY AS TO WHAT STATEMENTS THE DEFENDANT MADE AS BEING HIS VOLUNTARY CONFESSION."

It is to be noted that the arrest and confession in this case was in June 1965 which was prior to *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R. 3d 974, which was decided June 13, 1966.

The question as to the applicability of *Miranda* to confessions obtained prior to that decision when offered at trials or retrials is not now open to debate since the Supreme Court of North Carolina has determined this question. The matter has been exhaustively covered in *State v. Lewis*, 274 N.C. 438, 164 S.E. 2d 177, and these words of Bobbitt, J., are controlling on this subject.

> "In our view, *Miranda* should not and does not apply to confessions obtained prior to that decision, when offered at trials or retrials beginning thereafter, where law enforcement officers relied upon and complied with constitutional standards applicable at the time the confessions were made. We perceive a trend towards this conclusion in decisions of the Supreme Court of the United States discussed herein."

Prior to *Miranda* the admissibility of a defendant's confession rested upon the determination that the confession was, in fact, freely, voluntarily, and understandingly given. *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1. In the instant case, the evidence sustained the findings of facts of the trial judge and the facts found support the conclusion reached. The requirements of *State v. Gray, supra*, having been complied with, we find

No error.

BRITT and MORRIS, JJ., concur.